No. 10,861.

## STONE *v*. HOLE.

Decided March 3, 1924.

Action against surety on an appeal bond.    Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  PRINCIPAL AND SURETY—*Appeal Bond—Principal Bankrupt.* A
    surety is liable on an appeal bond, notwithstanding the discharge
    in bankruptcy of the principal pending the appeal.

*Error to the District Court of Lincoln County, Hon. Arthur
Cornforth, Judge.*

Messrs. CUNNINGHAM & FOARD, for plaintiff in error.

Mr. CHARLES H. BEELER, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE question here before us is the right to recover of
the surety on an appeal bond, notwithstanding the dis-
charge in bankruptcy of the principal pending the appeal.

The parties appeared in reverse order in the trial court
and are hereinafter so designated.    Plaintiff recovered
judgment in the county court against one Hopke.    The
latter appealed, and defendant became surety on his bond.
Pending the appeal Hopke filed a voluntary petition in bank-
ruptcy and listed the claim of plaintiff who was duly noti-
fied and made proof thereof.    In that proceeding Hopke
was regularly discharged.    When the cause came on for
trial in the district court Hopke failed to appear and
plaintiff moved for the entry of an order affirming the
judgment of the county court.    Evidence was taken and a
judgment entered reciting that Hopke had "failed and re-

fused to in any manner prosecute said appeal with due diligence and effect except to make two motions for continuances" and had "failed to take any further action whatever looking toward the prosecution of said appeal; and that four regular terms of said court have passed since said appeal was filed in this court. Wherefore it is ordered, adjudged and decreed by the court that the said judgment of said court be and hereby is affirmed." It was further ordered thereby that execution be indefinitely stayed against Hopke by reason of the discharge in bankruptcy "but let scire facias issue against Thomas Stone the surety on said appeal bond." To the writ accordingly issued, an answer was filed and a demurrer thereto sustained. Defendant elected to stand on his answer and to reverse the judgment thereupon entered against him he prosecutes this writ and asks that it be made a supersedeas.

Section 16 of the bankruptcy act of 1898 provides that the discharge of the bankrupt shall not discharge his surety. The same is true of our own statute, section 6288 C. L. 1921.

This bond recites that it shall be void only if Hopke "shall prosecute said appeal with effect and without delay and shall pay all costs and whatever judgment may be awarded." Hopke did not pay this judgment. The principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they guard shall, if it happen, discharge them, seems to us bad law and worse logic. The liability of the surety in such cases is upheld by numerous authorities. *Brown & Brown Coal Co. v. Antezak,* 164 Mich. 110, 128 N. W. 774, 130 N. W. 305, Ann. Cas. 1912 B, 778; *Fisse v. Einstein et al.,* 5 Mo. App. 78, and cases therein cited. Others to the contrary may be found but we are unable to assent thereto.

The supersedeas is denied and the judgment affirmed.