## In re QUAKER CITY COLD STORAGE CO.
### No. 21935.

District Court, E. D. Pennsylvania.
June 26, 1942.

Wexler & Weisman and Schnader & Lewis, all of Philadelphia, Pa. (Gilbert W. Oswald, of Philadelphia, Pa., of counsel), for trustees.

Frank R. Ambler, of Philadelphia, Pa., for Century Indemnity Co.

Joseph M. Adams and Wm. N. J. McGinniss, both of Philadelphia, Pa., for S. Walter Foulkrod, Jr.

KALODNER, District Judge.

On October 8, 1941, S. Walter Foulkrod, Jr., obtained a judgment against the debtor for the sum of $1,767.84 in the Court of Common Pleas No. 1 of Philadelphia County (June Term 1941, No. 4190). The debtor appealed the judgment to the Superior Court of Pennsylvania, and on October 14, 1941, a supersedeas bond was filed, executed by the debtor as principal and Century Indemnity Company as surety. Two officers of the debtor executed a collateral indemnity agreement to the surety company prior to the execution of the supersedeas bond. On or about December 26, 1941, the surety accepted a certified check from the debtor in the amount of $1,800 in substitution of the indemnity furnished by the officers of the debtor, and thereupon released the officers from their indemnity agreement. On February 28, 1942 (the pleadings give the year as 1941 but the court assumes that this is a stenographic error), the Superior Court affirmed the judgment of the Court of Common Pleas.

On December 12, 1941 (prior to the affirmance of the judgment by the Superior Court), a petition for reorganization of the debtor under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed in this court, and trustees were appointed for the debtor on February 13, 1942.

The trustees have filed a petition in this court seeking to restrain the Century Indemnity Company from making payment to S. Walter Foulkrod, Jr., on the supersedeas bond, or applying to such payment the debtor's collateral deposit, until the trustees

should be in a position to determine the solvency of the debtor in October, 1941. A temporary restraining order was entered and the matter now comes before me for consideration of the petition to make the restraining order permanent.

The Century Indemnity Company has not filed an answer to the trustees' petition, but a "Memorandum" signed by its counsel and addressed to this court, in effect joining in the trustees' petition, and stating that should the debtor be found to be insolvent at the time of the entry of the judgment, its obligation as surety on the supersedeas bond is null and void under § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, upon the return of the security to the trustees, and further that the substitution of the indemnity was taken in good faith without knowledge of the fact that a petition under Chapter X had been filed.

S. Walter Foulkrod, Jr., has filed answer to the Trustees' petition and prays that the petition to restrain the Century Indemnity Company from making payment on the appeal bond be dismissed and the temporary order restraining the surety from making payment to him be vacated.

 The decisions relating to the liability of the surety on an appeal bond when followed by the bankruptcy (and eventual discharge) of the principal before the affirmance of the judgment seem to be in confusion and discord.[1] However, as is observed in 41 A.L.R. 477: "The substantial weight of authority is to the effect that the surety on an appeal or supersedeas bond is not released from liability thereon by the discharge of his principal in bankruptcy, or insolvency proceedings pending the appeal, and before the entry of judgment in the appellate court * * * (citing cases)." See, also, the excellent discussion in 31 Yale Law Review 582, 592, 597, and the note in 9 Minnesota Law Review 486.

In Osage Oil & Refining Co. et al. v. Dickason-Goodman Lumber Co., 1924, 108 Okl. 14, 231 P. 477, 41 A.L.R. 475, 5 Am. B.R.,N.S., 421, the following was said in an effort to distinguish the cases:

"It is the theory of the plaintiffs in error that the proceedings in bankruptcy discharge both the principals and sureties on the supersedeas bond. In support of this theory there are cited the following authorities: Odell v. Wootten, 38 Ga. 224; Goyer Co. v. Jones, 79 Miss. 253, 30 So. 651 [8 Am.B.R. 437]; Fontaine v. Westbrooks, 65 N.C. 528; Sigler v. Shehy, 15 Ohio 471; Kenly v. Hughes, 1 Browne, Pa., 258; Martin v. Kilbourn, 12 Heisk., Tenn., 331; Thomas v. Cole, 10 Heisk., Tenn., 411. An examination of the above authorities fails to convince us of the correctness of the position of plaintiffs in error, even had there been an actual adjudication in this case, which does not appear.

"In almost every case the decision cited is based on the letter of the bond. The bonds were conditioned, as a rule, that the sureties would pay any judgment that might be rendered against the principal. In each case the appeal was to a court where the trial was de novo, and the adjudication in bankruptcy prevented a judgment against the principal. In the present case the condition of the bond is that, 'if the principal obligors shall pay to the obligee, the condemnation money and costs in case the judgment or final order shall be adjudged against them or affirmed, in whole or in part this obligation shall be void.'

"No case is called to our attention where the appellant had procured a supersedeas to a court of purely appellate jurisdiction; the sole question being the affirmance or reversal of the judgment. The following authorities sustain the theory that the bankruptcy of the principal, in cases similar to the present case, does not release the sureties: Phillips v. Wade, 66 Ala. 53; Baldwin v. Gordon, 12 Mart., O.S., La., 378; Field v. Zalle, 5 Mo.App. 596; Fisse v. Einstein, 5 Mo.App. 78; Farrell v. Finch, 40 Ohio St. 337; Murray v. Bass, 184 N.C. 318, 114 S.E. 303; Knapp v. Anderson, 71 N.Y. 466; Slusher v. Hopkins, 124 Ky. 44, 97 S.W. 1128."

Section 16 of the Bankruptcy Act, 11 U.S.C.A. § 34, provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

In Brown, Webb & Co. et al. v. Edward Rose & Co., 1923, 210 Ala. 488, 98 So. 559, 3 Am.B.R.,N.S., 290, the Alabama Supreme Court construed this section of the Bankruptcy Act as referring to creditors, guarantors, or sureties for the bankrupt on the original debt and not to the liability of a

---

[1] The issue is generally raised by a suit against the surety in the proper court. The proceedings in the case at bar are somewhat anomalous.

surety for the bankrupt upon an appeal bond. I believe, however, that the correct view is stated in Stone v. Hole, 1924, 75 Colo. 115, 223 P. 1085, 4 Am.B.R.,N.S., 35, 36:

"This bond recites that it shall be void only if [the appellant] 'shall prosecute said appeal with effect and without delay and shall pay all costs and whatever judgment may be awarded.' [the appellant] did not pay this judgment. The principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they guard shall, if it happen, discharge them, seems to us bad law and worse logic. The liability of the surety in such cases is upheld by numerous authorities. Brown & Brown Coal Co. v. Antezak, 164 Mich. 110, 128 N.W. 774, 130 N.W. 305, Ann. Cas.1912B, 778 [25 Am.B.R. 898]; Fisse v. Einstein et al., 5 Mo.App. 78, and cases therein cited. Others to the contrary may be found, but we are unable to assent thereto."

A copy of the supersedeas bond is not attached to the pleadings, but I assume it was executed in consonance with the provisions of the Pennsylvania statute, Act of May 19, 1897, P.L. 67, Sec. 6, 12 P.S. § 1138. The obligation is similar to that in Stone v. Hole, supra:

"An appeal from an order, judgment or decree directing the payment of money shall operate as a supersedeas, if the appellant gives bond with sufficient surety or sureties in double the amount of said order, judgment or decree and all costs accrued and likely to accrue, conditioned that the appeal be prosecuted with effect, and that the appellant will pay all costs and damages awarded by the appellate court or legally chargeable against him." 12 Purdon's § 1138.

The trustees, however, maintain that inasmuch as the surety received indemnity and the rendition of the judgment was within four months of the bankruptcy, the surety would be obligated to turn over the indemnity to the trustees and would be discharged of its obligation pro tanto, should it eventually be proven that the debtor was insolvent at the time of the rendering of the judgment. The surety takes the same position.

No case has been cited, and I have been able to find none, where the effect of possession of security by the surety on an appeal bond was considered when the discharge of a lien was not involved. I do not see how in such case the successful appellee is concerned with any private understanding or arrangement between the appellant and the surety unless modified by the Bankruptcy Act.

Section 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, as amended August 22, 1940, c. 686, Title I, § 29(a), 54 Stat. 835, reads as follows:

"§ 107. Liens and fraudulent transfers

"a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title * * *.

"(2) If any lien deemed null and void under the provisions of paragraph (1) of this subdivision a, has been dissolved by the furnishing of a bond or other obligation, the surety on which has been indemnified directly or indirectly by the transfer of or the creation of a lien upon any of the nonexempt property of a person before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this title by or against him, such indemnifying transfer or lien shall also be deemed null and void * * *.

"(3) The property affected by any lien deemed null and void under the provisions of paragraphs (1) and (2) of this subdivision a shall be discharged from such lien, and such property and any of the indemnifying property transferred to or for the benefit of a surety shall pass to the trustee or debtor, as the case may be, except that the court may on due notice order any such lien to be preserved for the benefit of the estate, and the court may direct such conveyance as may be proper or adequate to evidence the title thereto of the trustee or debtor, as the case may be.

* * * * *

"(5) The liability of a surety under a releasing bond or other like obligation shall be discharged to the extent of the value of the indemnifying property recovered or the indemnifying lien nullified and voided by the trustee or debtor * * *."

█ Obviously Section 67 relates only to the release of liens by furnishing a bond.

The provision in this section requiring the return to the trustee of the security or indemnity received and the pro tanto release of the surety is fair and just. There is no averment in the case at bar that any lien was discharged, dissolved or released by the supersedeas bond. I cannot see how Section 67 can be extended even by implication as the trustees and the surety contend.

It should be noted that the surety here received the substituted indemnity after the filing of the petition under Chapter X. It is a serious question whether the surety would not be obligated to return the indemnity irrespective of Section 67; but I leave the determination of this point for the proper time, and I make this comment without prejudice to the surety.

In accordance with the above, the order dated May 5, 1942, temporarily restraining the surety from making payment to S. Walter Foulkrod, Jr., on the appeal bond should be vacated. The restraining order insofar as it relates to the disposition of the collateral indemnity received by the surety should be continued without prejudice. An appropriate decree may be submitted.