Dolores M. MORAN, etc., Plaintiff,

v.

JOHNS–MANVILLE SALES CORPORATION, et al., Defendants.

Civ. A. No. C 79–345.

United States District Court,
N.D. Ohio, E.D.

Feb. 10, 1983.

Robert E. Sweeney, Cleveland, Ohio, for plaintiff.

Thomas P. Mulligan, Cleveland, Ohio, Lively M. Wilson, Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendant Johns-Manville's Motion to Set Aside Entry of Judgment. For the reasons set forth below, defendant's Motion is denied.

Edward Moran, the deceased husband of plaintiff Dolores M. Moran, worked for over thirty years installing insulation. He worked with various asbestos insulation products, some of which were made by defendant Johns-Manville Sales Corporation's (hereinafter "JM") corporate predecessors. When Edward Moran died of lung cancer at the age of sixty-one, his widow, Mrs. Moran, brought an action against various asbestos manufacturers under a theory of strict liability in tort.

The case went to trial by jury before this Court, and a final judgment was entered on May 8, 1981. The jury reached a plaintiff's verdict, and judgment was entered on that verdict for $350,000 compensatory damages and $500,000 punitive damages. JM appealed, after posting a supersedeas bond of the Federal Insurance Company, to satisfy this Court's judgment in full, upon affirmance by the Sixth Circuit Court of Appeals.

On August 26, 1982, while the appeal was pending, JM filed a petition in bankruptcy in the United States Bankruptcy Court for the Southern District of New York. JM now argues that all judicial proceedings against it should have been automatically stayed, pursuant to 11 U.S.C. § 362, pending the outcome of the bankruptcy proceeding. Nevertheless, on October 26, 1982, the Sixth Circuit Court of Appeals affirmed the judgment of this Court, and ordered that Mrs. Moran recover from JM her costs on appeal, and that execution of judgment be issued from this Court.

On November 30, 1982, this Court granted a motion by Mrs. Moran for award of costs in the amount of $5,584.34, pursuant to 28 U.S.C. § 1920, and entered a judgment ordering Mrs. Moran to proceed to execute on the supersedeas bond of the Federal Insurance Company.

JM filed its Motion to Set Aside Entry of Judgment on December 13, 1982, seeking to set aside this Court's judgment entered on November 30, 1982. This Court was not persuaded by the grounds cited by JM, and on December 23, 1982, issued an Order denying JM's Motion for a stay.

JM argues that both the Restraining Order issued by Bankruptcy Judge Lifland on August 26, 1982, and the automatic stay provided in 11 U.S.C. § 362, operate to preclude all further judicial proceedings against JM. Thus, JM claims that the continuance of this action by the Sixth Circuit Court of Appeals and by this Court is void and without effect.

■ It is clear that the automatic stay bars Mrs. Moran from enforcing her judgment against the debtor or against the property of the debtor's estate. 11 U.S.C. § 362(a)(2). The underlying purpose of the automatic stay is "to prevent interference with, or diminution of, the debtor's property during the pendency of the Chapter 11 proceeding." *Teledyne Industries, Inc. v. Eon Corporation*, 373 F.Supp. 191, 203 (S.D. N.Y.1974). The central issue is, therefore, whether the supersedeas bond of the Federal Insurance Company is an asset, or property, of the estate of JM. This Court holds that the bond is not property of JM, and thus the ruling on the appeal by the Sixth Circuit, and this Court's order of November 30, 1982 are both valid.

The Third Circuit Court of Appeals in *Mid-Jersey National Bank v. Fidelity-Mortgage Investors*, 518 F.2d 640 (3rd. Cir.1975) dealt with a factual situation which was substantially similar to the instant case. In *Mid-Jersey*, after the defendant deposited a large sum of money into court in lieu of a supersedeas bond, the district court stayed execution of judgment pending appeal. While the appeal was pending, the defendant filed a petition in bankruptcy. The debtor/defendant subsequently argued that the Third Circuit could not proceed to adju-

dicate the appeal while the automatic stay remained in effect.

The Third Circuit disagreed with the defendant, and held that the appeal was not stayed under the Bankruptcy Rules. The Court found that the large sum of money deposited into court was not the property of the debtor/defendant over which only the bankruptcy court had exclusive jurisdiction. The Court likened the deposit to the res of a trust, and held that the only property interest that the defendant had in the deposit was a contingent reversionary interest as a potential beneficiary of the trust. The Court determined that the deposit was not an asset of the debtor/defendant's estate, and the appeal was allowed to proceed accordingly.

The supersedeas bond issued by the Federal Insurance Company is likewise not an asset or property of the estate of JM. The very function and purpose of a supersedeas bond (or of the deposit in *Mid-Jersey*) is to protect the party prevailing in the trial court from possible future insolvency of the losing party. *Mid-Jersey; supra,* at 644; *see, also, In Re Quaker City Cold Storage Co.,* 45 F.Supp. 570 (E.D.Pa.1942).

No property of JM was affected by the appeal and ruling in the Sixth Circuit. The affirmance of this Court's judgment by the Sixth Circuit on October 26, 1982, is not void, nor is this Court's entry of judgment on November 30, 1982. Mrs. Moran is permitted to execute against the supersedeas bond of the Federal Insurance Company.

IT IS SO ORDERED.