CARTER BARON DRILLING, a Canadian partnership, Plaintiff,

v.

EXCEL ENERGY CORPORATION, a Utah corporation, EDP Operating, Ltd., a Colorado limited partnership, John L. Kemmerer, Jr., Knee Hill Energy, Inc., a Colorado corporation, Lexicon Resources Corporation, a Colorado corporation, Meridian Oil, Inc., a Delaware corporation, The National Oil Company, Inc., a Kansas corporation, Natomas North America, Inc., a California corporation, North Central Oil Corporation, a Delaware corporation, Richard T. Rigo, Trans-Texas Energy, Inc., a Delaware corporation, Triumph Energy, Inc., a Louisiana corporation, Winchester Energy, Inc., a Texas corporation, Defendants and Third-Party Defendants,

v.

BADGER OIL CORPORATION, a Louisiana corporation, Defendants and Third-Party Plaintiff,

v.

EXCEL ENERGY CORPORATION, a Utah corporation, EDP Operating, Ltd., a Colorado limited partnership, John L. Kemmerer, Jr., Knee Hill Energy, Inc., a Colorado corporation, Lexicon Resources Corporation, a Colorado corporation, Meridian Oil, Inc., a Delaware corporation, The National Oil Company, Inc., a Kansas corporation, Natomas North America, Inc., a California corporation, North Central Oil Corporation, a Delaware corporation, Richard T. Rigo, Trans-Texas Energy, Inc., a Delaware corporation, Triumph Energy, Inc., a Louisiana corporation, Winchester Energy, Inc., a Texas corporation, Third-Party Defendants.

Civ. A. No. 82–A–2232.

United States District Court, D. Colorado.

July 10, 1987.

William G. Imig, Neal S. Cohen, Ireland, Stapleton & Pryor, Denver, Colo., for Carter Baron Drilling.

Edward D. White, Phillip D. Barber, Welborn, Dufford, Brown & Tooley, Denver, Colo., for Badger Oil Corp.

Thomas Johnson, Rufus O. Wilderson, Mayer, Brown & Platt, Denver, Colo., for Excel Energy Corp., et al.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This matter is before the court on third-party plaintiff Badger Oil Corporation's (Badger) motion for release of letters of credit, supersedeas bond and cash deposit. Oral argument was heard on June 19, 1987. At that time, the court ordered the Clerk to release and deliver to Badger two letters of credit posted on behalf of defendants Richard J. Rigo and John L. Kemmerer, as well as a supersedeas bond posted on behalf of defendant Trans-Texas Energy, Inc.

However, the court refused to release a supersedeas bond/cash deposit posted on behalf of defendant National Oil Company (National) in the amount of $147,760.66, based upon National's contention that any attempt to recover this bond is stayed by Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). Counsel were given leave to file simultaneous briefs by June 26, 1987 regarding whether these funds were part of the bankruptcy estate. Having reviewed these briefs, as well as the other pleadings and exhibits submitted by the parties in support of their respective positions on this motion, the court is now ready to rule.

## BACKGROUND

On March 19, 1985, the court entered judgment in favor of Badger and against National in the amount of $145,220.95. National filed a Notice of Appeal on April 19, 1985.

National initially failed to post security to stay execution on Badger's judgment, and on June 5, 1985, Badger garnished National's accounts at the First Interstate Bank of Denver. On that same date, National filed with this court a motion for a Temporary Restraining Order prohibiting the garnishment of National's bank accounts, which was heard on June 6, 1985. After that hearing, the court stayed execu-tion of the judgment by Badger, effective upon National's deposit with the Clerk of the Court of a cashiers check in the amount of $147,760.66, the proceeds from which check were to be placed in an interest bearing account and treated as a supersedeas bond. This amount was duly deposited that same day.

National filed a petition for Chapter 11 bankruptcy on December 17, 1985, and remains in bankruptcy at this time. On June 1, 1987, the Tenth Circuit Court of Appeals affirmed this court's entry of judgment against National, issuing its mandate on that judgment on June 23, 1987.

## DISCUSSION

National contends that the supersedeas bond/cash deposit posted to stay execution of the judgment on appeal is part of the bankruptcy estate under 11 U.S.C. § 541, which states in relevant part that:

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

Section 362(a) of the Bankruptcy Code stays any action to take possession of any assets in the bankrupt's estate. Therefore, the dispositive issue in this matter is whether the cash deposited with the Clerk of the Court as a supersedeas bond is property of the bankruptcy estate. The court holds that it is not, and will accordingly grant Badger's motion.

The purpose of a supersedeas bond is to preserve the status quo while securing the appellee from loss resulting from stay of execution. *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n.*, 636 F.2d 755, 760 (D.C.Cir. 1980). The bond is meant to secure the prevailing party against any loss, like insolvency of the debtor, sustained as a result of being forced to forego execution on a judgment during the course of an ineffectual appeal. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart,*

*Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979); *In re Quaker City Cold Storage Co.*, 45 F.Supp. 570, 572 (E.D.Pa.1942).

▮ The legal status of such a deposit in the court pending appeal is *in custodia legis*, and may be considered the res of a trust. *Mid-Jersey Nat. Bank v. Fidelity-Mortgage Investors*, 518 F.2d 640, 643 (3rd Cir.1975). The Tenth Circuit has stated that property and funds *in custodia legis* are not attachable or garnishable when they are already in the custody of the court pursuant to a prior case, and that such property is under the sole direction, order and disposition of that court. *United States v. Hunt*, 513 F.2d 129, 139 (10th Cir.1975). The only possible interest retained by a judgment debtor in such funds is, therefore, a contingent reversionary interest based upon the possibility that the trial court's judgment would be reversed on appeal. *Saper v. West*, 263 F.2d 422, 427 (2nd Cir.1959), *cert. denied* 360 U.S. 916, 79 S.Ct. 1433, 3 L.Ed.2d 1532 (1959); *Clarkson Company Ltd. v. Shaheen*, 716 F.2d 126, 130 (2nd Cir.1983).

This case is substantially similar to *Mid-Jersey Nat. Bank v. Fidelity-Mortgage Investors, supra.* In *Mid-Jersey*, defendant deposited $300,000 with the court in lieu of a supersedeas bond to stay execution of the judgment pending appeal. During the pendency of the appeal, defendant filed a petition in bankruptcy and subsequently argued that the Third Circuit Court of Appeals could not proceed with the appeal while the automatic stay remained in effect.

The Third Circuit disagreed, holding that the $300,000 deposited with the court was *in custodia legis* and therefore was not the property of the defendant. Rather, the defendant retained only a contingent reversionary interest in the deposit, and since the deposit was therefore not an asset of the defendant's estate, the appeal was allowed to proceed.

▮ Likewise, the funds at issue here, which are held by the court *in custodia legis* as a supersedeas bond, are not an asset or property of National's bankruptcy estate, and any contingent reversionary interest National had in the funds terminated on June 1, 1987, when the Tenth Circuit Court of Appeals affirmed this court's judgment against National. Badger is therefore entitled to the release of National's deposit. *See Moran v. Johns-Manville Sales Corp.*, 28 B.R. 376, 378 (N.D.Ohio 1983).

This result preserves the function of the supersedeas bond as protection for the party prevailing at the trial level from the possibility of future insolvency of the losing party. As the Colorado Supreme Court has correctly stated:

> The principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they guard shall, if it happen, discharge them, seems to us bad law and worse logic.

*Stone v. Hole*, 75 Colo. 115, 116, 223 P. 1085 (1924). *See also In re Quaker City Cold Storage Co., supra; Mid-Jersey Nat. Bank v. Fidelity-Mortgage Investors, supra.*

Accordingly, it is

ORDERED that Third-Party Plaintiff Badger Oil Corporation's motion for the release of the supersedeas bond held by the Clerk of the Court to secure its judgment against National Oil Company is hereby GRANTED. The Clerk is directed to deliver the funds deposited in the Registry of the Court, together with the interest earned thereon, which served as the supersedeas bond, to Third-Party Plaintiff Badger Oil Corporation.