545 So.2d 1348 (1989)
W.W. GAY MECHANICAL CONTRACTOR, INC., Petitioner,
v.
WHARFSIDE TWO, LTD., et al., Respondents.
No. 72357.
Supreme Court of Florida.
June 15, 1989.
S. Gordon Blalock of Blalock, Holbrook & Akel, P.A., Jacksonville, for petitioner.
J. Richard Moore of J. Richard Moore, P.A. and Robert C. Gobelman of Gobelman and Love, Jacksonville, for respondents.
*1349 PER CURIAM.
We accept jurisdiction of this case, Wharfside Two, Ltd. v. W.W. Gay Mechanical Contractor, Inc., 523 So.2d 193 (Fla. 1st DCA 1988), because it conflicts with this Court's decision in New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1935). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and approve the district court's decision.
A group of investors formed Wharfside Two to build and operate a hotel in Jacksonville. Chanen Construction Company, the general contractor for the project, hired W.W. Gay Mechanical Contractor to construct the hotel's water system. Before and after the hotel opened, observers noticed a petroleum-like odor in the hotel's water system, and pipes began to leak. Gay repaired the pipes, but efforts to correct the odor problem proved unsuccessful. After one year passed, Gay announced that its warranty had expired and ceased further efforts. Wharfside had paid Chanen $230,000 due to Gay on the subcontract, but Chanen withheld the money because it believed Gay responsible for the problems.
Gay brought suit against Wharfside to foreclose its mechanics' lien and against Chanen to recover the balance due under the contract. Wharfside counterclaimed against Gay for damages, attempting to prove that Gay caused the problems and that those problems reduced the number of guests at the hotel. Wharfside also crossclaimed against Chanen, contending that Chanen installed a defective water system. The trial court refused to allow certain testimony on lost profits as too speculative. The jury found Gay not liable to Wharfside or Chanen, but it found Chanen liable to Wharfside for $30,000, and Wharfside and Chanen liable to Gay for $200,000. Pursuant to an order of the trial court, Wharfside and Chanen posted a supersedeas bond for $468,454, which is still held by the trial court pending final disposition of the appeal.
The First District Court of Appeal reversed the trial court decision and remanded for a new trial on all issues. It held expert testimony comparing projected occupancy rates with those actually realized not so speculative as to require its exclusion and also found the jury verdict fatally inconsistent. Prior to oral argument before this Court, Wharfside filed a voluntary petition in bankruptcy, seeking an automatic stay of this proceeding pursuant to 11 United States Code section 362(a) (1983 and Supp. IV 1987).

I.
We must resolve the bankruptcy matter before we can proceed with the state law claims. Title 11 United States Code section 362(a) of the Bankruptcy Code provides in part:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of 
(1) the commencement or continuation, including the issuance or employment of process, of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ...;
* * * * * *
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]
The statute stays an action to foreclose a mechanics' lien against the debtor. In Matter of Johnson, 16 B.R. 193, 195 (Bankr.M.D.Fla. 1981), the court held that lienholders may not recover chattels with nonbankruptcy judicial assistance without first obtaining relief from the automatic stay. See Heritage Family Pub. Inc. v. First Fed. Sav. & Loan Ass'n, 315 So.2d 558 (Fla. 2d DCA 1975).
Even so, the posting of the supersedeas bond permits us to proceed on both *1350 claims by Gay. In Mid-Jersey National Bank v. Fidelity Mortgage Investors, 518 F.2d 640, 643 (3d Cir.1975), the court held that a certificate deposited in the district court, in lieu of a supersedeas bond, is not the property of the debtor over which the bankruptcy court has exclusive jurisdiction. "[T]he deposit serving as a supersedeas is not available to the reorganization court to aid in the execution of the plan in the Chapter XI proceeding." Id. at 644. See Carter Baron Drilling v. Excel Energy Corp., 76 B.R. 172, 174 (Bankr.Colo. 1987) (funds held "in custodia legis" as a supersedeas bond are not property of the estate); Moran v. Johns-Manville Sales Corp., 28 B.R. 376 (Bankr.N.D.Ohio 1983) (supersedeas bond is not property of the bankruptcy estate). Wharfside questions the validity of Mid-Jersey because that case was decided under the Bankruptcy Act, predecessor of the current Bankruptcy Code, but offers no authority supporting this claim. Indeed, Mid-Jersey is applied under the current Bankruptcy Code in cases with facts almost identical to those of the instant case. See Carter Baron, 76 B.R. at 174; Moran, 28 B.R. at 377. But see In re Johns-Manville Corp., 31 B.R. 965 (Bankr.S.D.N.Y. 1983) (rejecting argument that an action for declaratory judgment against debtor is not stayed because of no impact on property of the debtor or bankruptcy estate). We find that the supersedeas bond posted by Wharfside and Chanen is not property of the estate and will not be used to fund the plan for reorganization. This Court may therefore proceed on Gay's claims against Wharfside and against Chanen; if Gay is successful on the merits, it may satisfy its claims to the extent of the supersedeas bond.
Had no supersedeas bond been posted, Gay would still be entitled to continue its action against Chanen. Generally, the protections of the automatic stay do not apply to a codefendant not in bankruptcy. Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir.1987). To obtain a stay of Gay's action against Chanen, Wharfside must apply to and obtain such an order from the bankruptcy court.[*] We may also proceed on Wharfside's counterclaim against Gay and its cross-claim against Chanen. The Bankruptcy Code stays proceedings against the debtor alone and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate. Wharfside stands to gain assets from these claims. In re Regal Constr. Co., 28 B.R. 413, 416 (Bankr.Md. 1983).

II.
The trial court refused to allow expert testimony concerning lost profits predicated on a claim of realizing less than projected occupancy rates as being too speculative, and the jury subsequently ruled against Wharfside on this issue. The two seminal Florida cases on recovery of prospective profits are Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936), and New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1935). In New Amsterdam this Court held that prospective business profits are generally too speculative and dependent on changing circumstances to be recovered. New Amsterdam provided an exception allowing the plaintiff to show the amount of his loss by competent proof. However, this exception only applied to the interruption of an established business. Twyman, on the other hand, did not limit recovery to established businesses. There, the Court stated that, if there is a "yardstick" by which prospective profits can be measured, they will be allowed if proven. 123 Fla. at 6, 166 So. at 217. The Court provided further that the "uncertainty which defeats recovery in such cases" is the cause of the damage rather than the amount. "If from proximate estimates of witnesses a satisfactory conclusion can be reached, it is sufficient if there is such certainty as satisfies the mind of a prudent and impartial person." Id. at 7-8, 166 So. at 218. See also Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (Fla. 1975).
*1351 We follow the holding in Twyman. A business can recover lost prospective profits regardless of whether it is established or has any "track record." The party must prove that 1) the defendant's action caused the damage and 2) there is some standard by which the amount of damages may be adequately determined. We reject the contention that the causal connection between foul-smelling water and lost revenues was too tenuous. There was competent and substantial evidence that the odor was a cause of reduced occupancy. This evidence was supported by studies prepared by reputable economic analysts and provided a sufficient standard to support the experts' testimony concerning lost profits. The expert testimony, when combined with the economic studies, was clearly sufficient to raise a jury question. Accordingly, the trial court erred by excluding testimony on lost profits.
Our holding on the issue of the lost profits testimony makes it unnecessary for us to discuss the issues raised concerning the jury verdict. The district court's discussion of verdict inconsistency fully addresses that issue. We approve the decision of the First District Court of Appeal reversing the judgment of the trial court and remand this case for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Judge, dissenting.
I dissent not on the principles of law enunciated by the majority opinion, but on the application of the law to the facts of this case. In my view Wharfside utterly failed to prove any connection between foul-smelling water and reduced occupancy rates. I do agree that two managers opined that this was a cause of lost revenues, but there was no factual foundation for their opinions. The proof falls far short of satisfying the mind of a prudent and impartial person that the odor was a cause of an occupancy rate less than that which had been projected. No one testified that prospective guests declined to come to or to return to the hotel because of the odor from the water. The evidence revealed that the objectionable odor did not extend to all of the rooms, and, further, the odor dissipated after the water had run two to three minutes. No rooms were rendered unavailable for rental. The jury's special verdict reflected its conclusion of the absence of causal connection.
For a new hotel operation there could be many causes for reduced occupancy rates. Location, design, economic conditions, high rates, poor service, or numerous other factors could have caused or contributed to it. Because of the lack of credible evidence to support the claim, the trial judge did not err in rejecting the proffered expert testimony on the amount of the loss. That which was presented was entirely too speculative and conjectural to make a jury issue on lost profits caused by malodorous water.
Wharfside also contends that the jury verdict was fatally inconsistent because Chanen could not have been liable to Wharfside unless Gay was also liable, yet the jury found Chanen liable to Wharfside for $30,000. I do not agree. The verdict should be liberally construed to carry out the jury's intention. If the verdict adequately expresses the intention of the jury, mere inaccuracies of expression or form will not vitiate it. See Kent v. Polk Grocery Co., 131 Fla. 139, 179 So. 136 (1938). The award of $30,000 to Wharfside from Chanen was supportable by facts showing that Wharfside had to expend that amount on repairs to water pipes. It is self-evident that the jury (and judge) determined that Gay should recover $200,000 of its $230,000 claim, with the $30,000 for costs of repairing the leaks deducted therefrom. Rather than having Chanen pay the $30,000 to Gay to pay to Wharfside, the jury made Chanen liable directly to Wharfside.
I would quash the decision of the district court and remand with instructions that the *1352 judgments entered by the trial court be affirmed.
OVERTON, J., concurs.
NOTES
[*] We have not received notice of a stay from any party.