**In re ALWAN BROTHERS CO., INC., Debtor.**

**In re William N. ALWAN, Debtor.**

**In re Joseph M. ALWAN, Debtor.**

**Bankruptcy Nos. 88–82572 to 88–82574.**

United States Bankruptcy Court, C.D. Illinois.

March 26, 1990.

Barry M. Barash, Galesburg, Ill., for debtor.

Andrew W. Covey, Baymiller, Christison & Radley, Peoria, Ill., for movants.

Gregory A. Cerulo, Quinn, Johnston, Henderson & Pretorius, Chtd., Peoria, Ill., for Supersedeas Bond Trustee.

## DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the motion filed by JANE GNIDOVEC, DAVID TOWELL and ROBERT DAWSON (MOVANTS), and joined in by FRANK HAMPTON, JR., Supersedeas Bond Trustee, to reconsider this Court's opinion entered October 13, 1989. The facts of this case are fully set out in that opinion at *In re Alwan Bros. Co., Inc.*, 105 B.R. 886 (Bkrtcy.C.D.Ill.1989), and will not be restated here. In that opinion this Court held that (1) punitive damages are dischargeable, (2) a supersedeas bond is not property of the estate and (3) reconciling the rule that a supersedeas bond is not property of the estate with the determination that punitive damages are dischargeable, that the MOVANTS could proceed in accordance with the Kentucky State Court Supersedeas Bond Agreement (AGREEMENT) to sell so much of the real estate necessary to satisfy their claims for compensatory damages and interest thereon, but that the remaining real estate could not be sold to satisfy their claim for punitive damages and could be used by the ALWANS to reorganize and for which the MOVANTS may be entitled to adequate protection. In their Motion to Reconsider,

the MOVANTS contend that this Court erred in so ruling, and erroneously state that this Court held that the bond properties were not property of the estate as of the date of bankruptcy, but that they "revested" to the extent that they are not necessary to satisfy the compensatory damage claim. While the MOVANTS' motion to reconsider does not raise any matters which this Court did not consider previously, this Decision is issued to supplement the previous opinion. The issues decided therein arose from several separate pleadings, including an adversary proceeding. While the parties agreed that all of the issues should be decided at the same time, those issues were, for the most part, argued in isolation. It was only when this Court began to consider the matters in a seriatim fashion, that it determined that the interplay of certain issues was decisive. Because the ultimate ruling based on this interplay of issues was not one argued or anticipated by the parties, this Court will elaborate upon its prior opinion.

In ruling upon the specific contentions and technical points raised by the MOVANTS, it is important not to lose sight of the key issue in this case. That issue is whether the determination that a portion of the judgment awarded the MOVANTS is dischargeable alters the MOVANTS' rights under the AGREEMENT. According to the MOVANTS' position, the ALWANS are entitled to no relief in this Court because their filings simply came too late. The MOVANTS maintain that the ALWANS bet their real estate on the chance that they would prevail on appeal and in so doing relinquished their right to reorganize, and, ultimately, lost the gamble. While neither may be characterized as fundamental, the right to appeal and the right to relief under the bankruptcy laws are significant rights. Pursuit of the former, however, is not absolute and as here, the losing party must afford the other side appropriate safeguards. Balancing the rights of the ALWANS to proceed in this Court against the protection to which the MOVANTS are entitled is what this case is about.

In support of their motion to reconsider, the MOVANTS argue that this Court mischaracterized the issues presented as "unprecedented." The MOVANTS point to the cases which this Court considered in determining that property which is being held pursuant to a supersedeas bond is not property of the bankruptcy estate and assert that those cases do not specifically indicate that nondischargeable debts were involved. That is this Court's point: the question of the dischargeability of debts was not in issue. Even though the judgment in *Moran v. Johns–Manville Sales Corp.*, 28 B.R. 376 (N.D.Ohio 1983), included an award for punitive damages, the court did not discuss the impact of that upon the creditor's right to execute on the bond of the insurance company.

■ It is the MOVANTS' contention that upon the rendering of the adverse verdict and judgment thereon in the Kentucky state court, the ALWANS were faced with an arduous choice: post an appeal bond or file bankruptcy. And the MOVANTS contend that because the ALWANS chose the former they are forever denied the benefit of the latter. This Court disagrees. In *Carter Baron Drilling v. Excel Energy Corp.*, 76 B.R. 172 (D.Colo.1987), the court stated the purpose of a supersedeas bond:

> The purpose of a supersedeas bond is to preserve the status quo while securing the appellee from loss resulting from stay of execution. The bond is meant to secure the prevailing party against any loss, like insolvency of the debtor, sustained as a result of being forced to forego execution on a judgment during the course of an ineffectual appeal.

Thus, the purpose of the supersedeas bond is to "furnish indemnity to those who suffer damage as a result of the stay." 4A C.J.S. Appeal and Error sec. 643. The purpose of the supersedeas bond is not to enhance the appellee's recovery. Rather, the purpose is to preserve that property for the benefit of that creditor. On the day that the Kentucky judgment was rendered, the ALWANS could have filed bankruptcy and the dischargeability of the punitive damages would have been in issue. The

ALWANS were as "insolvent" on that date as they are today. Put another way, they are not any less "solvent" today than they were when the judgment was entered. The MOVANTS have suffered no loss as a result of the delay in executing the judgment.

■ This Court's ruling that so much of the real estate which is necessary to satisfy the MOVANTS' claims for compensatory damages should be sold was premised upon a determination that the ALWANS' bankruptcy filing did in fact require alteration of the terms of the Supersedeas Bond Trust Agreement. In this Court's view, this result serves the purpose of the supersedeas bond in that the real estate is appropriated to the benefit of the MOVANTS to make them whole while according the status of punitive damages its proper place in a bankruptcy proceeding. The MOVANTS' contention that the very thing against which the bond was intended to protect— the Debtor's insolvency—has destroyed the bond is not persuasive. The MOVANTS rely on *Carter Baron Drilling, supra,* where the court stated:

> This result preserves the function of the supersedeas bond as protection for the party prevailing at the trial level from the possibility of future insolvency of the losing party. As the Colorado Supreme Court has correctly stated:
>
>> The principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they guard shall, if it happen, discharge them, seems to us bad law and worse logic. *Stone v. Hole*, 75 Colo. 115, 116, 223 P. 1085 (1924).

At issue in the Colorado decision quoted from was the liability of the surety after the principal had received a discharge in bankruptcy. Clearly the surety, a nondebtor-third party, is not off the hook. But that is not the circumstance here. Unlike the typical supersedeas bond which is not property of the estate and cannot be used to fund a plan of reorganization, the property which is the subject of the Supersedeas Bond Trust Agreement is nine parcels of real estate. It is those properties which

now remain that the ALWANS seek to reorganize.

This Court follows *Mid–Jersey Nat'l. Bank v. Fidelity–Mortgage Investors,* 518 F.2d 640 (3d Cir.1975) and *Carter Baron Drilling v. Excel Energy Corp.,* 76 B.R. 172 (D.Colo.1987), and other similar cases as far as determining that this Court's jurisdiction over the bond property is limited. But none of those cases spoke to the issue involved here—the treatment of punitive damages—or involved property essential to the debtor's reorganization. As this Court stated in its prior opinion:

> The function of the supersedeas procedure was to provide the MOVANTS with protection from the possibility of future insolvency of the ALWANS should they lose, and ALWANS' creditors could not have reached the real estate while under the control of the trustee pursuant to the supersedeas procedure.

Again, the MOVANTS have suffered no loss as a result of the appeal process and the property remains appropriated for their benefit.

In their Motion to Reconsider, the MOVANTS request, in the alternative, that they be entitled to liquidate the real estate to the extent necessary to pay the 10% statutory penalty assessed upon the compensatory damage portion of the said judgments and interest thereon. That request will be taken with and ruled upon when this Court decides the remaining matter under advisement, the ALWANS' Supplemental Objections to the Claims of DAWSON and TOWELL.

### ORDER

For the reasons stated in a Decision filed this day;

IT IS ORDERED that the MOVANTS' Motion to Reconsider is DENIED.