In re Allan J. HALLE, Debtor.

Samuel O. KUNTZ, Trustee, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 87 B 12750 C.
Adv. No. 89 C 1317.

United States Bankruptcy Court,
D. Colorado.

Feb. 11, 1991.

Christine J. Jobin, Katch, Wasserman & Jobin, Denver, Colo., for Samuel O. Kuntz, Trustee.

Philip Blondin, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C.

John Weeda, Dist. Counsel, I.R.S., Denver, Colo.

## RULING RE: TRUSTEE'S COMPLAINT

MICHAEL J. MELLOY, Bankruptcy Judge, Sitting by Designation.

This matter is before the Court on the complaint of the Chapter 7 trustee ("Trustee") which seeks to recover $73,500 that the debtor, Allan J. Halle, ("Halle") paid to the Internal Revenue Service ("IRS") shortly before Halle filed for Chapter 7 bankruptcy. The IRS has resisted this complaint. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following opinion denying the Trustee's complaint constitutes this Court's findings of fact, conclusions of law, and order pursuant to Fed.R.Bankr.P. 7052.

### Background and Findings of Fact

Halle filed for Chapter 7 bankruptcy on October 23, 1987. In the six weeks prior to the filing, Halle made three estimated tax payments to the IRS totalling $73,500. The IRS held these monies until December 12, 1988, when the IRS assessed Halle's 1987 tax liability. On that date, the IRS applied the $73,500 to Halle's 1987 tax liability and refunded Halle $37.00 for overpayment. On November 17, 1989, the Trustee filed a complaint asking this Court to find that the IRS' application of these funds to Halle's tax debt constituted a voidable post-petition transfer of property of the estate under 11 U.S.C. § 549. In the alternative, the Trustee's complaint asked the Court to enter an order that these funds are property of Halle's bankruptcy estate which the IRS should turn over to the Trustee under 11 U.S.C. § 542.[1]

In response to the Trustee's complaint, the IRS filed a motion to dismiss on January 5, 1990. The motion to dismiss contended that the Court had no subject matter jurisdiction over this complaint because the IRS did not waive sovereign immunity. Further, the motion to dismiss asserted that the Trustee's complaint stated claims upon which relief could not be granted. In specific, the IRS claimed that the estimated tax funds were not property of the debtor's estate, which is a prerequisite to both a § 549 and a § 542 claim, and that the transfer occurred pre-petition, not post-petition, which is required to recover under § 549. The IRS also subsequently asserted that the Trustee's motion could not succeed because the statute of limitations under § 549(d) had run.

In an order dated May 24, 1990, U.S. Bankruptcy Judge, Patricia Ann Clark, denied the motion of the IRS and ordered the IRS to answer the Trustee's complaint. In denying the motion to dismiss, Judge Clark found that the United States (IRS) had waived sovereign immunity, the Trustee's complaint did assert a claim upon which relief could be given, and that the statute of limitation under § 549(d) was not applicable. In accordance with Judge Clarke's order the IRS filed its answer to the Trustee's complaint on June 18, 1990.

On September 11, 1990, this matter came on for trial before the Court. The Trustee continued to contend that the funds Halle paid to the IRS could be recovered for the estate under either 11 U.S.C. § 549 or § 542. The IRS continued to assert the defense of sovereign immunity and that recovery was inappropriate under § 549 or § 542.

---

1. All statutory references are to Title 11 of the United States Code unless otherwise noted.

The Court adopts the following statement of uncontested facts provided by the parties in the pretrial statement filed August 31, 1990:

1. The Debtor filed joint income tax returns for the 1985 and 1986 tax years with his non-petitioning spouse. These returns showed no estimated tax payments. The Debtor's income tax in these years was satisfied by the application of income tax withheld from wages.

2. In 1987, the Debtor disposed of assets which triggered significant tax consequences for that year.

3. On September 17, 1987, there was paid into the Debtor's joint income tax account for 1987 tax year an estimated tax payment of $38,000 with a check drawn on an account in the name of the Debtor's non-debtor spouse, Berniece Halle, Account No. 529303 at Pikes Peak National Bank.

4. On October 9, 1987, there was paid into the Debtor's joint income tax account for 1987 an estimated tax payment of $32,000.00 with a check drawn on an account in the name of Debtor's non-debtor spouse, Berniece Halle, Account No. 529303 at Pikes Peak National Bank.

5. On October 16, 1987, an estimated tax payment in the amount of $3,500 was made. The Trustee has not addressed this payment in his Complaint, but subsequently, it has been determined the payment was made by cashier's check issued by Pikes Peak National Bank.

6. On October 23, 1987, the debtor filed a voluntary Chapter 7 petition.

7. At the time of the Debtor's petition, the Debtor owed no pre-petition tax liabilities to the IRS for tax year 1986.

8. The IRS is not now owed any sums related to tax year 1987.

9. On October 31, 1988, after two extensions to file were granted, the Debtor filed a joint income tax return with his non-petitioning spouse showing tax due of $90,724.00, which was satisfied by application of the estimated income tax payments and withheld income tax. The account was assessed on December 12, 1988.

10. The Debtor was issued a refund of $37.00 on December 12, 1988.

### Conclusions of Law

The Trustee argues that the estate may recover estimated tax payments made to the IRS and subsequently applied to Halle's tax liability under either § 549 or § 542. The IRS continues to assert both a sovereign immunity defense and that the statute of limitations under § 549(d) bars recovery under a post-petition transfer theory. The IRS also does not believe that the Trustee can establish the elements necessary to maintain actions under either § 549 or § 542.

■ Many of the IRS' arguments, however, already have been disposed of by the order entered previously in this case. For example, the IRS continues to assert the defense of sovereign immunity inspite of the fact the previous order applied the dictates of the U.S. Supreme Court's decision in *Hoffman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) and concluded that the IRS had waived sovereign immunity. This Court acknowledges that applying the *Hoffman* rationale presents a number of difficulties and ambiguities [2], but the prior order decided this matter and is the law of the case.

■ The IRS also continues to assert that the Trustee cannot recover under § 549 because the statute of limitation found at § 549(d) bars any action under a post-petition transfer theory. The pretrial statement acknowledges, however, that the previous order "found that the money paid to the IRS prior to the date that the return was due constitutes a deposit and that the crediting of the $73,500 towards the taxpayers liability as determined by the 1987 tax return, constituted a post-petition transfer, recovery of which is not barred by § 549(d)." *Pretrial Statement*, p. 3. Again, this Court will not interfere with the previous order on this matter.

---

**2.** See, for example, the recent Ninth Circuit decision in *In re Pearson*, 917 F.2d 1215 (9th Cir.1990), which purports to "read the tea leaves" of the *Hoffman* decision.

This Court must determine whether the Trustee has satisfied the requirements for recovery under § 549 or § 542. To recover under § 549, the Trustee must establish that there was a post-petition transfer of property of the debtor's estate. To recover under § 542, the Trustee must establish that the property in question is property of the estate which is in the possession, custody, or control, of an entity other than the debtor, trustee, or debtor-in-possession. The Court already has determined that the relevant transfer in this matter occurred post-petition for § 549 purposes, and it is undisputed for § 542 purposes that the property in question is in possession of an entity other than the debtor. Hence, the remaining issue which is dispositive of both the Trustee's claim under § 549 and § 542 is whether the estimated tax advances constituted property of Halle's bankruptcy estate on the date of his petition.

Section 541(a) of the Bankruptcy Code provides "that a debtor's estate consists of all legal or equitable interests of the debtor in property at the time the case is commenced." *Equitable Bank of Littleton v. Christine J. Joban, Trustee (In re 24 Hour Nautilis Swim & Fitness Center, Inc.)*, 81 B.R. 71, 74 (D.Colo.1987). In *In re 24 Hour Nautilus Swim & Fitness Center* the district court went on to note that "a trustee succeeds only to the rights possessed by the debtor at the filing of the petition in bankruptcy." 81 B.R. at 74 (citations omitted). Hence, in order for the Trustee to prevail in the present case, the Trustee must demonstrate that Halle had a property interest in the estimated tax payments which entitled Halle to those funds at the date he filed his petition in bankruptcy.

The Trustee is unable to make such a demonstation here because at the date of petition Halle retained only a limited interest in the funds advanced to the IRS as estimated taxes. The Internal Revenue Code requires taxpayers to send the IRS estimated tax payments throughout the course of the taxable year. 26 U.S.C. § 6654 (1988); 33 *Am.Jur.*2d Federal Taxation § 1400 (1991). Once the debtor makes those payments the debtor's interest in the funds is limited because "[p]ayments of estimated tax for a particular taxable year may not be refunded prior to the close of such taxable year [and] ... [s]uch payments may be refunded only after the close of the taxable year for which they are made, when the actual amount of the taxes due and the amount of the overpayment may be correctly determined." Rev.Rule 54–149, 1954–1 CB 159–60. Moreover, this Court has found no provision in the Internal Revenue Code which requires, or even permits, the IRS to return estimated tax payments prior to the time the tax return is due. Hence, the only interest which Halle retained in the estimated taxes at the date of his petition is the right to a refund resulting from any overpayment of estimated taxes. When Halle and his spouse filed their 1987 tax return the IRS assessed his tax and determined that he overpaid by $37.00. The IRS already has returned that $37.00 to Halle.

The Trustee has urged this Court to find that the estimated payments Halle made pre-petition were in the nature of a deposit with the IRS rather than a payment to the IRS and, therefore, that those funds held in deposit could be recovered as property of Halle's estate.[3] The previous order found a number of authorities to support the Trustee's position that these estimated payments are more in the nature of deposits than payments of the tax. The United States Supreme Court case *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), was among the authorities cited. In *Rosenman* the Supreme Court stated:

> The Government does not consider such advances of estimated taxes as tax payments. They are, as it were, payments in escrow. They are set aside, as we have noted, in special suspense accounts established for depositing money re-

---

**3.** The Trustee points out that § 542 of the Bankruptcy Code allows the estate to recover property in which it does not currently have a posses-

sory interest. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983).

ceived when no assessment is then outstanding against the taxpayer.

65 S.Ct. at 538. This Court again accepts the conclusions of the previous order and believes that the *Rosenman* case makes it clear that the advances of estimated taxes are deposit type transfers, not payments of the tax for that taxable year.

The fact that the estimated taxes are deposit type transfers, however, does not mean the estimated tax advances are property of Halle's estate. As the *Rosenman* court went on to note:

> The receipt by the government of monies under such an arrangement carries no more significance than would the giving of a *surety bond.* Money in these accounts is held not as taxes duly collected are held but as deposits made in the nature of a *cash bond* for the payment of taxes thereafter found to be due.

65 S.Ct. at 538 (emphasis added). The fact that the *Rosenman* court characterized these estimated tax advances to be in the nature of cash or surety bonds is significant. Many courts have found that such bonds are not property of the estate. *See, e.g., In re Mansfield Tire & Rubber Co.,* 660 F.2d 1108, 1115 (6th Cir.1981); *In re McLean Trucking Co.,* 74 B.R. 820, 828 (Bankr.W.D.N.C.1987); *In re Apache Construction, Inc.,* 34 B.R. 415, 417 (Bankr. D.Or.1983); *In re Fintel,* 10 B.R. 50, 51 (Bankr.D.Or.1981); *see also, Matter of Lockard,* 884 F.2d 1171, 1178 (9th 1989); *but cf., In re Chateaugay Corp.,* 116 B.R. 887, 898 (Bankr.S.D.N.Y.1990); *In re Legend Homes, Inc.,* 69 B.R. 797, 799–800 (Bankr.D.Ariz.1987); *In re Wegner Farms, Co.,* 49 B.R. 440, 443 (Bankr. N.D.Iowa 1985).

The district court in this jurisdiction provided a similar ruling in deciding whether a cash supersedeas appeal bond constituted property of a debtor's estate. In *Carter Baron Drilling v. Exel Energy Corp.,* 76 B.R. 172 (D.Colo.1987), the district court concluded that the cash supersedeas bond was not property of the debtor's estate. In reaching that conclusion the court noted "[t]he only possible interest retained by a judgment debtor in such funds is ... a

contingent reversionary interest based upon the possibility that the trial court's judgment would be reversed on appeal." *Carter Baron Drilling,* 76 B.R. at 174. The court went on to reason that since the debtor's contingent reversionary interest in the funds terminated when the appellate court decided against the debtor, the debtor retained no further interest in the fund the estate could recover. *Id.*

The reasoning of *Carter Baron Drilling* applies equally in the present case. Here, Halle deposited estimated tax payments with the IRS before he filed his bankruptcy petition. At the date of petition, Halle retained only a contingent reversionary interest in a refund for any overpayment of 1987 taxes. The IRS already has assessed Halle's tax liability and refunded him $37.00 for the overpayment. Nothing remains to be returned to the estate because the estate already possesses all of Halle's interest in the estimated payments.

This Court concludes that the estimated taxes applied to Halle's tax liability are not property of Halle's bankruptcy estate. This conclusion is in line with property of the estate principles. The estate and the trustee are receiving only what the debtor was entitled to on the date of petition. *See In re 24 Hour Nautilus Swim & Fitness Center,* 81 B.R. at 74.

The previous order entered in this case left open the prospect of apportioning the estimated tax funds by requiring the IRS to turn over any estimated taxes in the IRS' possession which exceeded the statutory amount of estimated taxes due at the petition date. The Trustee and the IRS, however, both argued against apportioning at the hearing held in this matter. Hence, neither party presented evidence on the proper method of apportionment that this Court should use. The Court, therefore, will not allow the Trustee to receive any portion of the estimated tax deposits beyond the $37.00 remitted by the IRS to the Debtor, because the Trustee failed to meet its burden on this matter.

### Conclusion

The Trustee has sought to recover estimated tax payments to the IRS under 11

U.S.C. § 549 or § 542. Both sections require the Trustee to demonstrate that the funds it seeks to recover are property of the debtor's estate. The Trustee has failed to make such a demonstration, and therefore, can not recover these funds in the present action.

### ORDER

IT IS THEREFORE ORDERED that the Trustee's complaint is denied.

DONE AND ORDERED.