**In re Barry D. HAUGHT, Debtor.**

**RESOLUTION TRUST CORPORATION, as Successor in Interest to Freedom Savings & Loan Association, Plaintiff,**

v.

**Barry D. HAUGHT, Defendant.**

**Bankruptcy No. 88–3828–8P7.**
**Adv. No. 90–344.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 24, 1990.

Lisa M. Castellano, Tampa, Fla., for plaintiff.

Roy W. Cohn, Tampa, Fla., for defendant.

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matters under consideration are Motions for Summary Judgment filed by the Debtor, Barry D. Haught (Debtor), and the Plaintiff, Resolution Trust Corporation (RTC), as successor in interest to Freedom Savings & Loan Association (Freedom). It is the contention of both RTC and the Debtor that there are no genuine issues of material fact and that this adversary proceeding may be decided as a matter of law. The undisputed facts as appear from the record which are relevant to a resolution of these matters are as follows:

On July 8, 1988, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. It is undisputed that at the time of the filing of the Petition, the Debtor was liable on a debt owed to Freedom by virtue of his guaranty of a fully funded $300,000 line of credit extended by Freedom to Mainstar, Inc., a corporation in which the Debtor was a principal. Despite this fact, the Debtor did not schedule Freedom or RTC as a creditor, nor were Freedom and RTC included on the matrix filed by the Debtor. Consequently, the notice informing the creditors of the date of the meeting of creditors and the bar date to file complaints objecting to the Debtor's discharge or the dischargeability of any particular obligation pursuant to § 523(a)(2)(A) and (B), (a)(4) or (a)(6) was not mailed either to Freedom or to RTC.

It is without dispute that between July and September of 1988, or after the commencement of this Chapter 7 case, Mainstar repaid the outstanding balance of its loan initially granted to it by Freedom, thus relieving the Debtor of any obligation to Freedom based on his guaranty of the original loan transaction. However, between September 16 and September 20, Mainstar obtained additional advances from Freedom in the amounts of $250,000 and $50,000, respectively, both of which loans were also guaranteed by the Debtor, thus, he again became liable to Freedom based on his guaranty. On November 3, 1988, the Debtor received his general bankruptcy discharge pursuant to § 727.

The record reveals that on March 23, 1989, the Clerk of the Court notified creditors of this estate that the Court fixed June 21, 1989, as the bar date for filing proofs of claim in this case. It is undisputed that this notice was not sent to either Freedom or RTC because, as noted above, the Debtor had not scheduled RTC or Freedom as creditors. On June 25, 1990, RTC filed its Complaint seeking a determination by this Court that the amounts owing by the Debt-

or to RTC under the guarantee on the date of the filing of the Petition initiating this case are nondischargeable pursuant to § 523(a)(3)(A). Section 523(a)(3)(A) provides as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; ....

Based on the foregoing, RTC alleges that it did not have notice or actual knowledge of the bankruptcy case and as the Debtor never scheduled or listed RTC or Freedom as a creditor in time to permit RTC or Freedom to file a proof of claim, any debt owing to RTC or Freedom as of the date of the filing of the Petition is nondischargeable. In opposition, the Debtor contends that Freedom had actual knowledge of the Debtor's bankruptcy filing, relying on the affidavit of J. Craig Berglowe, a commercial loan officer at Freedom. Thus, while it appears that there is a question of fact regarding Freedom's actual knowledge of the bankruptcy case, this Court is satisfied that this dispute may nevertheless be resolved as a matter of law, but not on the ground urged by RTC.

■ The extent of protection granted to a debtor by the general bankruptcy discharge is defined in § 727(b) which provides that

... [a] discharge under subsection (a) of this section discharges the debtor from all debts *that arose before the date of the order for relief* under this chapter.... (emphasis supplied)

Thus, the initial inquiry must be addressed to the debt which is sought to be declared nondischargeable by the Plaintiff pursuant to 11 U.S.C. § 523(a)(3)(A). Even a cursory analysis of the undisputed facts compels the conclusion that the date the debt arose in this particular case is crucial to the determination of the Plaintiff's claim. This is so because if a debt sought to be excepted from a general bankruptcy discharge is a debt which arose prior to the commencement of the case, the question of dischargeability is rendered academic when that debt is fully satisfied postpetition. If a creditor seeks to have a debt which arose postpetition declared to be nondischargeable, which is clearly the case in the present instance, the question is moot again since, as noted, only debts which arose prior to the commencement of the case are discharged by virtue of § 727(b) of the Bankruptcy Code. *In re Peltz,* 55 B.R. 336 (Bankr. M.D. Fla. 1985). This being the case, whether or not the Plaintiff received a notice or, as contended, had actual knowledge of the pendency of the case, is of no consequence.

■ The difficulty with this particular case is caused not only by the method in which the claim is presented, that is, by a Complaint filed pursuant to 11 U.S.C. § 523(a)(3), but also because of the procedural posture of the Motions for Summary Judgment filed by both the Plaintiff and the Debtor. Be that as it may, this Court is satisfied that the Plaintiff's Motion, treated as a request to declare the particular debt now outstanding to be unaffected by the Debtor's discharge, should be granted, and the debt owed by this Debtor incurred postpetition should be declared to be outside the overall protective provisions of the general bankruptcy discharge granted to the Debtor. This being the case, it is evident, of course, that the Debtor's Motion for Summary Judgment is without merit and should be denied. It is therefore

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Plaintiff be, and the same is hereby, granted, and the debt incurred by this Debtor postpetition be, and the same is hereby, declared to be not affected by the general bankruptcy discharge. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.