In re UNITED MERCHANTS AND MANUFACTURERS, INC.,
Debtor.

In re JONATHAN LOGAN, INC., Debtor.

In re UNITED MERCHANTS TRUCKING, INC.,
Debtor.

Civ. A. Nos. 91–489–JJF, 91–601–JJF and 91–602–JJF.

United States District Court,
D. Delaware.

March 26, 1992.

James L. Patton, Jr. and Joel A. Waite, of Young Conaway Stargatt & Taylor, Wilmington, Del., Michael L. Cook and Brad J. Axelrod, of Skadden Arps Slate Meagher & Flom, New York City, for United Merchants & Mfrs., Inc.

John D. Demmy, of Morris James Hitchens & Williams, Wilmington, Del., K. Peter Schmidt, Richard P. Schifter and L. Hope O'Keeffe, of Arnold & Porter, Washington, D.C., for ILGWU Nat. Retirement Fund.

## OPINION

FARNAN, District Judge.

### INTRODUCTION

Pending before the Court is the motion of United Merchants and Manufacturing, Inc. ("UM & M") to dismiss the bankruptcy appeal filed by the ILGWU National Retirement Fund ("the Fund"), and UM & M's motion for an appeal bond. UM & M contends that the Court should dismiss the Fund's appeal because substantial consummation of the reorganization plan of UM & M has rendered the appeal moot.[1] For the reasons set forth below, the Court will not dismiss the appeal and will not require the Fund to post an appeal bond.

### FACTS

On November 2, 1990, United Merchants and Manufacturing, Inc., Jonathan Logan, Inc., and United Merchants Trucking, Inc., filed petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 1101, et seq.). The Fund filed a proof of claim for each Chapter 11 proceeding stating that it would have a claim against the debtors, if they ceased operations. The Fund asserted that a cessation of operations by the debtors would trigger withdrawal liability, under the Employee Retirement Income Security Act of 1974 ("ERISA"), equal to $28 million.

On June 19, 1991, the debtors filed a Second Amended Joint Plan of Reorganization ("Second Plan"), creating nine classes of claims for distribution. Class VIII of the Second Plan consisted of general unsecured creditors with claims exceeding $500. The debtors also established a Disputed Claims Reserve, a set-aside of sufficient securities, to provide for distribution to claimants after resolution of the contested claims. The debtors intended to fund the

---

1. UM & M also argues that the bankruptcy appeal should be dismissed because the Fund is estopped from asserting its appeals and the Fund lacks standing. The Court finds these arguments without merit.

Disputed Claims Reserve with stock allocated to Class VIII. If the amount in the reserve fell short of the amount of claims, the debtors intended to provide a pro rata distribution of the securities.

UM & M filed motions seeking approval of the sale of the debtor UM & M's Rose Marie Reid and Imerman divisions (the "Divisions") which were operations covered under ERISA, on August 1, 1991. The Fund allegedly did not receive notice of the motions until August 5, 1991, the last day to object to the Second Plan. Fund's Answering Brief to Motion to Dismiss Appeals ("Fund's Answering Brief"), p. 6. In addition, the Fund allegedly did not object earlier to the Second Plan because it relied on certain representations regarding the potential sale made to the Fund by UM & M. Fund's Answering Brief, pp. 5–6, 8. On August 12, the Fund filed its objection to the Second Plan based on the size of the Disputed Claims Reserve, along with a motion seeking leave to file its objection after August 5, 1991. On August 15, 1991, the Bankruptcy Court denied the Fund's motion for leave to file its objection, and confirmed the Second Plan of UM & M.

On August 23, 1991, the Bankruptcy Court approved the sale of the Divisions.[2]

On August 23, 1991, the Fund filed notices of appeal from the Confirmation Order and the Bankruptcy Court's order denying the Fund's motion for leave to file an objection. On August 28, the Fund sought an injunction against further stock distributions to Class VIII claimants. Two days later, on August 30, 1991, the Fund filed a motion in the Bankruptcy Court seeking a more limited remedy of a partial stay of further Class VIII distributions. The Bankruptcy Court heard and denied the Fund's motion for a partial stay on September 5, 1991. On September 5, the Fund requested a stay in this Court, which the Court granted on September 9, 1991, and subsequently extended by Order dated October 4, 1991.

## DISCUSSION

The controversy between the parties centers on the distribution of securities to holders of Class VIII claims. The Fund claims that the Disputed Claims Reserve contains insufficient funds to satisfy its purported $28 million claim of withdrawal liability, which the Fund contends is triggered by a sale of the Divisions.

### A. The Mootness Question

The Court of Appeals for the Third Circuit has stated that a court must dismiss an appeal as moot upon the occurrence of an event preventing the appellate court from granting any effective relief. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 150 n. 6 (3d Cir.1986); *see also Miami Center Limited Partnership v. Bank of New York*, 820 F.2d 376, 379 (11th Cir.1987), *cert. denied*, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988) (concluding that "an appeal is not moot if the court can still order some effective relief").

In deciding mootness questions regarding appeals from bankruptcy decisions, the Court must consider several factors: (1) whether "substantial consummation" of the bankruptcy plan or a comprehensive change of circumstances has occurred; (2) whether the appellant has obtained a stay pending appeal; and (3) the nature of the relief sought by the appellant. Ultimately, the Court should not dismiss a case as moot if it can effectively grant relief. *In re Combined Metals Reduction Company*, 557 F.2d 179 (9th Cir. 1977).

Section 1101(2) of Chapter 11 defines "substantial consummation" as the distribution of substantially all property under the plan. 11 U.S.C. § 1101(2). The Court of Appeals for the Ninth Circuit, in *In re Roberts Farms, Inc.*, 652 F.2d 793, 796 (9th Cir.1981), declined to question a confirmation order after substantial consummation, expressing concern about affording finality to judgments of the bank-

---

2. On October 15, 1991, the bankruptcy court granted the Fund's motion to strike paragraph 7 of the Sale Orders on Fifth Amendment due process grounds because its purported findings were made without adequate notice to the Fund.

ruptcy court. The Ninth Circuit found that implementation of the plan had proceeded so far that effective relief could no longer be granted. *Id.* Nonetheless, substantial consummation does not sufficiently justify dismissal for mootness in all circumstances. *In re Combined Metals Reduction Company,* 557 F.2d 179 (9th Cir.1977); *see also In re AOV Industries, Inc.,* 792 F.2d 1140 (D.C.Cir.1986).

Although the Court of Appeals for the District of Columbia Circuit concluded that much of an appeal was moot in *In re AOV Industries, Inc.,* 792 F.2d 1140 (D.C.Cir. 1986), the D.C. Circuit did consider whether effective relief was still available considering broader principles of mootness. *Id.* at 1147–1148 (and considering the "line of Ninth Circuit decisions"). In *AOV Industries,* the D.C. Circuit stated that *"Roberts Farms* does not stand for a bright-line rule that 'substantial consummation' forecloses any possibility of relief from court- and creditor-approved reorganization plans." *Id.* at 1148. In addition, the D.C. Circuit stated that even when the record supports a finding that a plan has been implemented, "implementation is not always synonymous with consummation." *In re AOV Industries, Inc.,* 792 F.2d at 1149. The D.C. Circuit concluded that certain claims, specifically a challenge to fees awarded, were resolvable irrespective of the extent of consummation. *Id.* at 1149 (citing *Combined Metals, supra,* for support). The D.C. Circuit warned, however, that it would not engage in "piecemeal dismantling" of the reorganization plan. *Id.*

Another factor the Court must consider is whether the appellant sought a stay pending appeal to prevent the occurrence of a comprehensive change of circumstances. In *Roberts Farms,* the Ninth Circuit emphasized the strong policy in bankruptcy law supporting the need for a stay pending appeal to avoid foreclosure by mootness. *In re Roberts Farms, Inc.,* 652 F.2d at 796 (1981). However, the D.C. Circuit has affirmatively stated that "failure to secure a stay is not per se dispositive of all the issues...." *In re AOV Industries, Inc.,* 792 F.2d 1140 (D.C.Cir.1986); *see also*

*In re Combined Metals Reduction Company,* 557 F.2d 179 (9th Cir.1977).

■ In *In re Combined Metals Reduction Company,* 557 F.2d 179, 194–195 (9th Cir.1977), the Ninth Circuit concluded that a failure to obtain a stay rendered certain appeals—involving property sales—moot, but that it did not preclude relief regarding an appeal of the confirmation. Thus, the failure to obtain a stay pending appeal should not be determinative when effective relief remains available.

#### B. *Effective Relief Is Available For The Fund*

■ In the instant case, UM & M submits that most of the money authorized for distribution has been distributed in substantial consummation of the subject plan. In this regard, UM & M asserts that it has distributed 59% in dollar amount of all Class VIII general unsecured claims, and therefore, the Court cannot reverse these good faith transfers of property.

The Fund argues that it does not seek reversal of the transfers cited by UM & M, but instead requests that the Court afford it more limited relief. The Fund contends that *AOV Industries* supports its assertion that the Court should not dismiss the case as moot if it can still grant effective relief. The Fund requests the Court to approve a "more equitable" distribution of the Disputed Claims Reserve with certain undistributed Class VIII stock. The Second Plan sets aside 625,200 shares of New Common Stock and 32,175 shares of Preferred Stock in the Class VIII Disputed Claims reserve. The Fund contends that the inclusion of the Fund's claim in Class VIII results in a significantly lower recovery to disputed claimants than to undisputed claimants. Fund's Answering Brief, p. 20, Chart 2. In this regard, the Fund offers a possible alternative for reallocating the shares, notwithstanding the irreversible distributions which have already occurred. *Id.* at 24, Chart 4. The reallocation suggested by the Fund would attempt to narrow the gap between the disputed and undisputed claimants in Class VIII.

UM & M contends that the relief sought by the Fund will have an adverse effect on parties not present before the Court. UM & M's Opening Brief Supporting Motion to Dismiss ("UM & M's Opening Brief"), p. 7 (citing *Central States, Etc. v. Central Transport, Inc.*, 841 F.2d 92 (4th Cir.1988) (dismissing appeal because implementation of plan has modified rights of persons not before the court)). In response, the Fund asserts that the other Class VIII creditors were on notice of the appeal, thus no prejudice will inure to parties not presently before the Court. The Court agrees.

Therefore, after considering the factors relevant to mootness questions, the Court concludes that effective relief is available to the Fund if it prevails on appeal despite the extent of distribution which has already occurred. Thus, the Court will not dismiss the Fund's appeal of the confirmation order.

### C. *UM & M's Motion For Appeal Bond*

Bankruptcy Rule 8005 allows the Court, in its discretion, to condition a stay pending appeal on the filing of a bond. Fed.R.Bankr.P. 8005. The purpose of Rule 8005 is to protect the adverse party from potential losses resulting from the stay. *In re Alwan Bros. Co.*, 112 B.R. 294, 296 (Bankr.C.D.Ill.1990). The Court concludes that a bond is unnecessary in this case, because the Court finds that UM & M will not suffer any loss as a result of the stay pending appeal.

### CONCLUSION

In sum, the Court will not dismiss the appeal of the Fund as moot because effective relief is available. The Court will not require the Fund to post a bond because it finds that UM & M will not suffer any loss as a result of the stay pending appeal.

An appropriate Order will be entered.