BLD-250                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3395
_____

IN RE: IRVING C. JONES a/k/a Karamo Muchuri Sulieman, Debtor

IRVING C. JONES,

Appellant

v.

ECMC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-02590)
District Judge:  Honorable J. William Ditter, Jr.

_____

Submitted by the Clerk for Possible Dismissal for Lack of Jurisdiction
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010

Before:  RENDELL,CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: August 19, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Irving C. Jones, proceeding pro se, filed this appeal seeking review of

the Bankruptcy Court's determination that certain of his student loans were not dischargeable. Appellee Educational Credit Management Corporation ("ECMC") has moved for summary dismissal on the ground that the present action is moot. For the reasons that follow, we will grant ECMC's motion for summary dismissal.

On June 18, 2007, Irving C. Jones filed an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania against ECMC, seeking to discharge his student debt owed to ECMC. See Bankr. No. 07-00217 (Bankr. E.D. Pa.). The Bankruptcy Court entered judgment against him on July 22, 2008, holding that these loans were nondischargeable under 11 U.S.C. § 523(a)(8). Jones then attempted to appeal this decision to the District Court and then to this Court. We initially informed the parties that the appeal might be dismissed as untimely. Then, by order dated December 4, 2009, the parties were informed that the question of appellate jurisdiction would be referred to the merits panel. Due to the complicated procedural history of this case and our conclusion that we lack jurisdiction because this appeal is now moot, we decline to address the question of the timeliness of this appeal at the present time. See Merle v. United States, 351 F.3d 92, 94 (3d Cir. 2003) ("We lack jurisdiction when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'").

In his informal brief, filed on January 19, 2010, Jones argued that his appeal was timely and that the Bankruptcy Court erred in concluding that his student loans

guaranteed by ECMC were not dischargeable.  On March 29, 2010, ECMC filed a motion to summarily dismiss the appeal.  In it, ECMC argues that a motion to dismiss filed by Jones in a separate proceeding indicates that his student loans have all been consolidated into a single loan under the William D. Ford Loan Program.  See Dkt. Entry No. 6, Civ. No. 09-01913 (E.D. Pa.).  According to ECMC, in consolidating all of his outstanding student loans, Jones entered into a new loan, which discharged the debt to ECMC.  See Clarke v. Paige (In re Clarke), 266 B.R. 301, 307 (Bankr. E.D. Pa. 2001) (indicating that "federal consolidation loans are new agreements which discharge the liabilities of the old loans and create their own obligations"); see also Hiatt v. Ind. State Student Assistance Comm'n, 36 F.3d 21, 23 (7th Cir. 1994) (explaining that debtor's consolidated loan constituted a "new" loan which discharged the original loan).  Because all of the loans guaranteed by ECMC, which were the subject of the underlying proceedings, have been paid in full through the consolidation, ECMC maintains that there is no case or controversy presently before this court and that the instant appeal should therefore be dismissed.  See In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 150 n.6 (3d Cir. 1986) (explaining that an appeal must be dismissed as moot when an event occurs that prevents the appellate court from granting effective relief); In re United Merchs. & Mfrs., Inc., 138 B.R. 426, 428 (D. Del. 1992) (stating that dismissal of bankruptcy appeal is appropriate where there has been "'substantial consummation' of the bankruptcy plan or a comprehensive change of circumstances has occurred"); Resolution Trust Corp. v.

3

Haught (In re Haught), 120 B.R. 233, 235 (M.D. Fla. 1990) (explaining that where a debt arose prior to the commencement of the case, "the question of dischargeability is rendered academic when that debt is fully satisfied postpetition").

Appellant has not filed a response to ECMC's motion and did not address the question of mootness in his informal brief. We are satisfied, however, by Appellant's own motion to dismiss filed in Civ. No. 09-01913 (E.D. Pa.) and by the printout from the National Student Loan Data System, attached to ECMC's motion as Exhibit B, that Appellant's original debt to ECMC no longer exists. Accordingly, we conclude that this appeal is moot, and we will grant ECMC's motion for summary dismissal. See 3d Cir. LAR 27.4 & I.O.P. 10.6.