994 So.2d 1135 (2008)
HAMMER CONSTRUCTION CORP., etc., Appellant,
v.
GEORGE PHILLIPS & ASSOCIATES, INC., etc., Appellee.
No. 3D07-336.
District Court of Appeal of Florida, Third District.
February 6, 2008.
Rehearing Denied March 14, 2008.
Steven M. Canter, Maitland and David Edward Borack, Pembroke Pines, for appellant.
Stephen E. Tunstall, Miami, for appellee.
*1136 Before GREEN, ROTHENBERG, and SALTER, JJ.
SALTER, J.
Hammer Construction Corp. ("Hammer"), a general contractor hired by Okeechobee County and Indian River Community College to perform repairs in the aftermath of the 2004 hurricanes, appeals an amended final judgment entered against Hammer and in favor of its roofing subcontractor, George Phillips & Associates, Inc. ("Phillips") after non-jury trial. Phillips, Plaintiff in the circuit court, was awarded a total of $246,543.50 and prejudgment interest for roof work performed on five separate buildings. The court also ruled against Hammer on its affirmative defense and counterclaim against Phillips for damages paid for remedial work and for profits allegedly lost by Hammer as a result of Phillips' defective work.
As to the amounts awarded Phillips on three of Phillips' claims against Hammer, and as to Hammer's counterclaim for lost profits, we affirm. As to the awards in favor of Phillips on the other two claims, and as to Hammer's entitlement to a setoff (pursuant to its affirmative defense), we find that the record and applicable law require reversal and the entry of judgment in favor of Hammer.

The Five Projects and the Hammer-Phillips Agreements
Hammer was hired by Indian River Community College ("IRCC" or "College") to repair storm damage to various College facilities caused by Hurricanes Francis and Jeanne in 2004. That work included roof repairs to the College's Academy Building and its Administration Building. Hammer also was hired by Okeechobee County ("County") to repair storm damage to various County facilities, including roof work at the Courthouse, Historical Building, and Alderman Storage Building.
Hammer had worked on many roof projects over the years with an individual, Ronald Medina, who recently had taken a position with Phillips. Hammer contacted Medina about the College and County roof work, and Medina then caused Phillips to fax detailed agreements to Hammer regarding each of the five jobs. Although Hammer apparently never signed those agreements, the parties essentially commenced performance as if those terms were in effect, with one or two later verbal modifications.

1. The IRCC Academy Building

The College's Academy Building roof project, including a change order, was priced by Hammer and Phillips at $225,007. Hammer paid one half of that on account. The roof work was completed by Phillips, but Hammer presented evidence that there were some sixteen water leaks within eight days of completion. The correspondence and testimony indicated, however, that the leaks were patched. There was no later inspection report or repair/replacement contract to prove that the College had to have any of the work redone. The College's administrator responsible for overseeing the work testified that Phillips should be paid for the work on the Academy Building. The trial court therefore properly awarded Phillips the unpaid balance under that agreement, $112,503.50.[1]

2. The IRCC Administration Building

The price to be paid Phillips for this work was to be $133,756. Phillips issued an invoice for fifty percent of that amount in mid-December, but the invoice was not paid. During the period from December 17 to 19, 2004, rainwater accumulated *1137 on the roof. The lightweight concrete surface of the roof had been removed, and the newly-installed roofing surface failed catastrophically. Hammer presented evidence that the installation by Phillips was the cause of the failure, and that the College had to hire a replacement contractor to re-do the roof on top of the surface installed by Phillips. The evidence presented by Hammer also showed that Hammer was terminated as contractor on all disaster recovery work by the College as a result of the Administration Building roof failure. Phillips did not present expert testimony to contradict the proof that Phillips' installation was defective and responsible for the failure. Shortly after (and because of) the failure of the roof on the Administration Building, Hammer terminated Phillips from any further work on the five jobs and refused to make any further payments to Phillips. Phillips then commenced the lawsuit below.
Notwithstanding this record, and although there was no job cost report, accounting statement, or other competent evidence to substantiate Phillips' payments for labor or materials, or to establish the value of the work to Hammer or the owner,[2] the trial court erroneously awarded Phillips $50,000 for its roof work on this project. There is no competent, substantial evidence to support such an award, and it was in fact the defective performance of this work that caused the College to terminate Hammer and Phillips from further work on any College project.

3. The Okeechobee County Courthouse

Hammer and Phillips agreed that the price for this roof work would be $147,120. Phillips issued an invoice for fifty percent of the work, $73,560, but Hammer did not pay Phillips. There was substantial testimony and evidence that the roof work was substandard and that there were significant leaks as a result. Hammer's evidence showed that Hammer had to have the work re-done by All-Atlas Roofing after Phillips' contract was terminated for cause.
Notwithstanding that evidence, and despite the absence of proof by Phillips regarding expenditures for labor or materials or the value of the work performed by Phillips before termination, the trial court erroneously awarded Phillips $73,560 on this claim.

4. The Okeechobee County Historical Association Building

The agreed price for this work was $10,450, of which Hammer had paid $3135 before Phillips filed its lawsuit. There was conflicting testimony regarding the adequacy of the work on this roof, and Hammer terminated the agreement before the work was complete. Although the evidentiary basis for the award is scant,[3] the trial court awarded Phillips $4180 for this work. In deference to the trial court's assessment of the evidence, we affirm this element of the final judgment (again, subject to the judgment in favor of Hammer on its affirmative defense and counterclaim).

5. The Okeechobee County Alderman Storage Building

The price for this roof work was to be $6,350. The work was performed, there *1138 were no disputes about the quality of the work or leaks, and the trial court properly awarded Phillips $6300[4] for this claim.

Hammer's Affirmative Defenses and Amended Counterclaims
At trial, Hammer offered simplistic and conclusory testimony from one of its owners that Hammer expected to realize a profit of $1.8 million for its work for the College and County, and that it lost that work as a result of Phillips' non-performance. Because there was no specific accounting backup regarding income and expense, and no proof of a "yardstick" or standard for determination of prospective net income, the trial court correctly denied Hammer any award for lost profits. W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348, 1350-51 (Fla. 1989).
Hammer did plead as an affirmative defense (setoff) and, as a counterclaim, the damages allegedly incurred by Hammer in remedying the defective work by Phillips on the IRCC Administration Building, the Okeechobee County Courthouse, and the County Historical Association Building. The record does not disclose how much, if anything, Hammer received in payments from the College and County (and their respective insurers) for the work performed by Phillips, and how much (if anything) Hammer has paid the College and County because of Hammer's ultimate responsibility for Phillips' defective work. The record does include, however, evidence that Hammer paid $116,000 to All-Atlas Roofing to remedy defective work by Phillips and to complete the re-roofing for the Courthouse and Historical Association Building. As there was no testimony or documentary evidence to controvert Hammer's proof on this point, the trial court should have awarded $116,000 to Hammer for those damages.

Conclusion
Construction cases typically warrant detailed findings of fact so that the parties can obtain meaningful review. In this case, it is impossible to reconcile certain awards to Phillips with the stark and largely uncontroverted evidence of leaks, defective installation, and (in the case of the IRCC Administration Building) the failure of the partially-installed roof. Accordingly, the amended judgment in this case is reversed and remanded with the following directions:
1. As to the IRCC Academy, the award to Phillips for the balance of the contract price ($112,503.50) is affirmed, subject to Hammer's award on its affirmative defense and counterclaim.
2. As to the College Administration Building, the award to Phillips of $50,000 is reversed, and Phillips shall take nothing.
3. As to the Okeechobee County Courthouse, the award to Phillips of $73,560 is reversed, and Phillips shall take nothing.
4. As to the County Historical Building, the award to Phillips of $4180 is affirmed, subject to Hammer's award on its affirmative defense and counterclaim.
5. As to the Alderman Storage Building, the award to Phillips of $6300 is affirmed, subject to Hammer's award on its affirmative defense and counterclaim.
6. As to Hammer's affirmative defense of setoff and its counterclaim against Phillips, we affirm the denial of an award of lost profits. We reverse the final judgment in favor of Phillips, however, insofar as it denied Hammer a recovery of $116,000 for the remedial roofing work. On remand, that amount shall be applied *1139 in reduction of the awards to Phillips described above.
Affirmed in part, reversed in part, and remanded for the entry of an amended final judgment as indicated.
NOTES
[1] As discussed below, however, this award is subject to reduction by the amounts properly awardable to Hammer as a setoff or counterclaim.
[2] Hammer's witness, though not a licensed roofing contractor and challenged by Phillips as lacking appropriate expertise, testified that the work performed by Phillips on the College's Administration Building and on the County's Courthouse had no value to Hammer or the owner, and had to be re-done.
[3] George Phillips estimated that the value of the work performed, taking into account the $3135 partial payment, would be $4000, but he provided no records or other facts to support that estimate.
[4] The record does not explain why the award is $6300 rather than $6350.